Wayne A. Mack *(Pro Hac Vice)*
C. Mitchell Goldman *(Pro Hac Vice)*
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone:  (215) 979-1152
Facsimile:   (215) 689-3595
E-mail:  wamack@duanemorris.com
E-mail:  cmgoldman@duanemorris.com

Cyndie M. Chang (SBN 227542)
Audra L. Thompson (SBN 218479)
DUANE MORRIS LLP
865 S. Figueroa St., Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401
E-mail:  cmchang@duanemorris.com
E-mail:  athompson@duanemorris.com
Attorneys for Plaintiff Signature MD, Inc.

HOLLAND & Knight LLP
Richard T. Williams (Bar # 052896)
400 S. Hope Street, 8th Floor
Los Angeles, CA  90007-2040
Telephone: (213) 896-2400
Facsimile:  (213-896-2450
Email:  richard.williams@hklaw.com

HOLLAND & KNIGHT LLP
Jerome W. Hoffman *(Pro Hac Vice)*
315 South Calhoun Street, Suite 600
Tallahassee, FL  32301
Telephone:  (850) 224-7000
Facsimile:  (850) 224-8832
Email:  jerome.hoffman@hklaw.com
Attorneys for Defendant MDVIP, INC.

FILED
CLERK, U.S. DISTRICT COURT
JAN 2 1 2015
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SIGNATURE MD, INC.,

    Plaintiff,

    v.

MDVIP, INC.

    Defendant.

Case No.: 2:14-cv-5453-DMG-SS x

Assigned to Hon. Dolly M. Gee

**STIPULATED [PROPOSED]**
**PROTECTIVE ORDER**

1.   <u>PURPOSES AND LIMITATIONS</u>

    1.1   Disclosure and discovery activity in this action are likely to involve confidential, proprietary, or private information for which special protection  from disclosure and from use for any purpose other than prosecuting this litigation may Accordingly, the parties hereby stipulate to and petition the court to enter Protective Order ("Order").

1

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including without limitation: (1) information protected pursuant to Federal Rule of Civil Procedure 5.2; (2) information protected by any federal, California, or other privacy statute, such as the California Right to Financial Privacy Act; and (3) information protected by an existing contractual obligation requiring the Designating Party to maintain the confidentiality of the information. Nothing in this paragraph shall preclude a Party from redacting personal information, including social security numbers or dates of birth, as required by governing law or contract.

2.3    "CONFIDENTIAL -ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," production of which on a 'CONFIDENTIAL" basis to another Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Attorneys' Eyes Only Information or Items shall be considered a subset of Confidential Information or Items under this order.

2.4    Counsel (without qualifier): Outside Counsel of Record and House Counsel, as well as their support staff, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators.

2.5    Designating Party: a Party or Non-Party that designates information produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.6    Disclosure or Discovery Material: all items or information, including from any non-party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and

2

1  tangible things), that are produced or generated in disclosures or responses to
2  discovery in this matter.

3      2.7   Expert: a person with specialized knowledge or experience in a matter
4  pertinent to the litigation, along with his or her employees and support personnel,
5  who has been retained by a Party or its Counsel to serve as an expert witness or as a
6  consultant in this action.

7      2.8   House Counsel: attorneys who are employees of a Party to this action.
8  House Counsel does not include Outside Counsel of Record or any other outside
9  counsel.

10      2.9   Non-Party: any natural person, partnership, corporation, association, or
11  other legal entity not named as a Party to this action.

12      2.10   Outside Counsel of Record: attorneys, as well as their support staff
13  (including but not limited to paralegals, secretaries, law clerks, and investigators)
14  who are not employees of a Party to this action but are retained by a Party to
15  represent or advise a party to this action and (1) have appeared in this action on
16  behalf of that party, or (2) are affiliated with a law firm which has appeared on behalf
17  of that Party.

18      2.11   Party: any party to this action, including all of its officers, directors,
19  employees, consultants, retained experts, and Outside Counsel of Record (and their
20  support staffs).

21      2.12   Producing Party: a Party or Non-Party that produces Disclosure or
22  Discovery Material in this action.

23      2.13   Professional Vendors: persons or entities that provide litigation support
24  services (e.g., photocopying, videotaping, translating, preparing exhibits or
25  demonstrations, and organizing, storing, or retrieving data in any form or medium)
26  and their employees and subcontractors.

27

28

STIPULATED [PROPOSED] PROTECTIVE ORDER

1    2.14   Protected Material: any Disclosure or Discovery Material that is
2  designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES
3  ONLY."

4    2.15   Receiving Party: a Party that receives Disclosure or Discovery Material
5  from a Producing Party.

6  3.    SCOPE

7    3.1    The protections conferred by this Stipulation and Order cover not only
8  Protected Material (as defined above), but also (a) any information copied or
9  extracted from Protected Material; (b) all copies, excerpts, summaries, or
10  compilations of Protected Material; and (c) any testimony, conversations, or
11  presentations by Parties or their Counsel that might reveal Protected Material.

12    However, the protections conferred by this Stipulation and Order do not cover
13  the following information: (i) any information that is in the public domain at the time
14  of disclosure to a Receiving Party or becomes part of the public domain after its
15  disclosure to a Receiving Party as a result of publication not involving a violation of
16  this Order, including becoming part of the public record through trial or otherwise;
17  (ii) any information known to the Receiving Party prior to the disclosure or obtained
18  by the Receiving Party after the disclosure from a source who obtained the
19  information lawfully and under no obligation of confidentiality to the Designating
20  Party; and (iii) any information obtained outside of litigation with the consent of the
21  Producing Party. Any use of Protected Material at trial shall be governed by a
22  separate agreement or order.

23    3.2    Nothing in this Stipulated Protective Order shall prevent or restrict a
24  Producing Party's own disclosure or use of its own Protected Material for any
25  purpose.

26    3.3    Nothing in this Stipulated Protective Order shall be construed to
27  prejudice any Party's right to use any Protected Material in court or in any court
28  filing with the written consent of the Designating Party or by order of the Court.

3.4     This Stipulated Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Stipulated Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

3.5     Nothing in this Stipulated Protective Order shall be construed to prevent Counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

4.     DURATION

4.1     Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final Disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under this Stipulated Protective Order. If only a portion or portions of material, documents, items, or oral or written communications qualify under this Stipulated Protective Order, the Designating Party, to the extent practicable, shall designate only the portion or portions for protection -so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

5

5.2    Mass or indiscriminate designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must within a reasonable time notify all other parties that it is withdrawing the mistaken designation.

5.3    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., section 5.4(a) and 5.4(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page that contains protected material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL -ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or

1   "CONFIDENTIAL -ATTORNEYS' EYES ONLY" legend to each page that contains

2   Protected Material. If only a portion or portions of the material on a page qualifies for

3   protection, the Producing Party to the extent practicable shall identify the protected

4   portion(s) and specify the level of protection being asserted.

5          (b)     for testimony given in deposition, any party or testifying persons

6   or entities may designate any portion of the testimony or exhibits

7   "CONFIDENTIAL" or "CONFIDENTIAL -ATTORNEYS' EYES ONLY" either on

8   the record before the close of the deposition or in writing on or before the later of ten

9   (10) days after receipt of the final transcript  Only those portions of the testimony that

10  are designated for protection shall be covered by the provisions of this Stipulated

11  Protective Order. If any portion of a videotaped deposition is designated, the original

12  and all copies of any videocassette, videotape, DVD or other media container shall be

13  labeled with the appropriate legend. Pending designation as set forth above, the entire

14  transcript, including exhibits, shall be deemed "CONFIDENTIAL," unless exhibits or

15  testimony are identified on the record during the deposition as "CONFIDENTIAL -

16  ATTORNEYS' EYES ONLY," in which case the entire transcript, including exhibits

17  shall be deemed "CONFIDENTIAL -ATTORNEYS' EYES ONLY" information. If

18  no designation is made within the time period above, the transcript shall be

19  considered not to contain any "CONFIDENTIAL" or "CONFIDENTIAL -

20  ATTORNEYS' EYES ONLY" information.

21         Transcript pages containing Protected Material must be separately bound by

22  the court reporter, who must affix to each such page the legend "CONFIDENTIAL"

23  or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the

24  Designating Party.

25         Any Protected Material that is used in the taking of a deposition shall remain

26  subject to the provisions of this Stipulated Protective Order, along with the transcript

27  pages and videotape of the deposition testimony dealing with such Protected

28  Material. Counsel for any Producing Party shall have the right to exclude from oral

depositions, other than the deponent and deponent's counsel any person who is not authorized by this Stipulated Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c)     for all other information or tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL -ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.4    Inadvertent Failures to Designate. If a Producing Party discovers that "CONFIDENTIAL" or "CONFIDENTIAL -ATTORNEYS' EYES ONLY" information or items that it produced was not designated as Protected Material, or that it produced information or items that were designated as Protected Material but had designated it in the incorrect category, the Producing Party may notify all other Parties of the error and identify the affected information or items and their new designation or re-designation. Thereafter, the information or items so designated or re-designated will be treated as Protected Material. After providing such notice, the Producing Party shall provide re-labeled copies of the information or items to each Receiving Party reflecting the change in designation.

An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving

8

1   Parties shall return or securely destroy, at the Receiving Parties' option, all Discovery

2   Material reasonably accessible to the Receiving Party that was not designated

3   properly. Unauthorized or inadvertent disclosure does not change the status of

4   Discovery Material or waive the right to hold the disclosed document or information

5   as Protected Material.

6   6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

7   6.1   Timing of Challenges. Any Party or Non-Party may challenge a

8   designation of confidentiality at any time. A Party does not waive its right to

9   challenge a confidentiality designation by not challenging a designation promptly

10   after the original designation is disclosed.

11   6.2   Meet and Confer. The Challenging Party shall initiate a designation of

12   confidentiality challenge by providing written notice of each designation it is

13   challenging and describing the basis for each challenge. To avoid ambiguity as to

14   whether a challenge has been made, the written notice must recite that the challenge

15   to confidentiality is being made in accordance with this specific paragraph of the

16   Stipulated Protective Order. The parties shall attempt to resolve each challenge in

17   good faith and must begin the process by conferring directly (in voice to voice

18   dialogue; other forms of communication are not sufficient) within ten (10) days of the

19   date of service of the written notice. In conferring, the Challenging Party must

20   explain the basis for its belief that the confidentiality designation was not proper and

21   must give the Designating Party a reasonable opportunity to review the designated

22   material, to reconsider the circumstances, and, if no change in designation is offered,

23   to explain the basis for the chosen designation.

24   6.3   Judicial Intervention. If the Parties cannot resolve a challenge without

25   court intervention, the Designating Party shall file and serve a motion to retain

26   confidentiality under Civil Local Rules 37-1 through 37-4 (and in compliance with

27   Judge Gee's Procedures for Filing Documents Under Seal) within thirty (30)  days of

28   the initial notice of challenge or within ten (10) days of the parties agreeing that the

1   meet and confer process will not resolve their dispute, whichever is earlier. Each such

2   motion must be accompanied by a competent declaration affirming that the movant

3   has complied with the meet and confer requirements imposed in the preceding

4   paragraph. Failure by the Designating Party to make such a motion including the

5   required declaration within the applicable deadlines above shall automatically waive

6   the confidentiality designation for each such challenged designation. The parties may

7   stipulate without court order to amend the time period within which a motion shall be

8   filed. In addition, the Challenging Party may file a motion challenging a

9   confidentiality designation at any time if there is good cause for doing so, including a

10  challenge to the designation of a deposition transcript or any portions thereof. Any

11  motion brought pursuant to this provision must be accompanied by a competent

12  declaration affirming that the movant has complied with the meet and confer

13  requirements imposed by the preceding paragraph.

14      6.4    The burden of persuasion in any such challenge proceeding shall be on

15  the Designating Party. Frivolous challenges and those made for an improper purpose

16  (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

17  expose the Challenging Party to sanctions. Unless the Designating Party has waived

18  the confidentiality designation by failing to file a motion to retain confidentiality as

19  described above, all parties shall continue to afford the material in question the level

20  of protection to which it is entitled under the Producing Party's designation until the

21  court rules on the challenge.

22  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

23      7.1    Basic Principles. A Receiving Party may use Protected Material that is

24  disclosed or produced by another Party or by a Non-Party in connection with this

25  case only for prosecuting, defending, or attempting to settle this litigation or related

26  appellate proceeding, and not for any other purpose whatsoever. Such Protected

27  Material may be disclosed only to the categories of persons and under the conditions

28  described in this Stipulated Protective Order. When the litigation has been

1    terminated, a Receiving Party must comply with the provisions of section 13 below
2    (FINAL DISPOSITION).

3            Protected Material must be stored and maintained by a Receiving Party at a
4    location and in a secure manner that ensures that access is limited to the persons
5    authorized under this Stipulated Protective Order.

6            7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless
7    otherwise ordered by the court or permitted in writing by the Designating Party, a
8    Receiving Party may disclose any information or item designated
9    "CONFIDENTIAL" only to:

10           (a)    the Receiving Party's Outside Counsel of Record in this action,
11   including attorneys who are principals of, employed by, or working for said Outside
12   Counsel of Record who have signed the "Acknowledgment and Agreement to Be
13   Bound" that is attached hereto as Exhibit A, as well as non-attorney employees and
14   contractors of said Outside Counsel of Record to whom it is reasonably necessary to
15   disclose the information for this litigation;

16           (b)    current or former officers, directors, and current employees
17   (including House Counsel) of the Receiving Party, to whom disclosure is reasonably
18   necessary for this litigation, and who have signed the "Acknowledgment and
19   Agreement to Be Bound" (Exhibit A), as well as their immediate paralegals and staff;

20           (c)    Experts (as defined in this Stipulated Protective Order) retained by
21   the Receiving Party to assist in this action, provided that disclosure is only to the
22   extent reasonably necessary to perform such work and provided that (i) such Expert
23   has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii)
24   such Expert is not a current officer, director, or employee of a Party or of a
25   competitor of a Party, nor is anticipated at the time of retention to become an officer,
26   director, or employee of a Party or of a competitor of a Party;

27           (d)    the court and its personnel;

28

1        (e)    court reporters, stenographers, and videographers retained to

2  record testimony in this action and their staff, professional jury or trial consultants,

3  and Professional Vendors to whom disclosure is reasonably necessary for this

4  litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

5  (Exhibit A);

6        (f)    during their testimony or preparation for their testimony,

7  witnesses in the action to whom disclosure is reasonably necessary. Such witnesses

8  who are employed by the parties shall be bound by the terms of this Stipulated

9  Protective Order and shall be given a copy of it at the outset of a deposition. Any

10  such witness who is not employed by a party shall be required to sign the

11  "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed

12  deposition testimony or exhibits to depositions that reveal Protected Material must be

13  separately bound by the court reporter and may not be disclosed to anyone except as

14  permitted under this Stipulated Protective Order.

15        (g)    the author or recipient of a document containing the information

16  or a custodian or other person who otherwise possessed or knew the information;

17        (h)    mock jurors who have signed the "Acknowledgement and

18  Agreement to Be Bound" (Exhibit A);

19        (i)    any mediator who is assigned to hear this matter, and his or her

20  staff, who  have signed the "Acknowledgement and Agreement to Be Bound"

21  (Exhibit A);

22        (j)    any other person with the prior written consent of the Producing

23  Party.

24     7.3   Disclosure of "CONFIDENTIAL -ATTORNEYS' EYES ONLY"

25  Information or Items. Unless otherwise ordered by the court or permitted in writing

26  by the Designating Party, a Receiving Party may disclose any information or item

27  designated "CONFIDENTIAL -ATTORNEYS' EYES ONLY" only to the following:

28        (a)    Persons designated in Paragraphs 7.2 (d), (e), (g), (h) and (i);

12

STIPULATED [PROPOSED] PROTECTIVE ORDER

1      (b)     during their testimony, witnesses in the action to whom disclosure

2   is reasonably necessary. Such witnesses who are employed by the parties shall be

3   bound by the terms of this Stipulated Protective Order and shall be given a copy of it

4   at the outset of a deposition. Any such witness who is not employed by a party shall

5   be required to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

6   Pages of transcribed deposition testimony or exhibits to depositions that reveal

7   Protected Material must be separately bound by the court reporter and may not be

8   disclosed to anyone except as permitted under this Stipulated Protective Order.

9      (c)     the Receiving Party's Outside Counsel of Record in this action,

10   including attorneys who are principals of, employed by, or working for said Outside

11   Counsel of Record, provided that such Outside Counsel is not involved in

12   competitive decision-making, as defined by *US. Steel v. United States*, 730 F.2d

13   1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, to

14   whom it is reasonably necessary to disclose the information for this litigation and

15   who have signed the "Acknowledgement and Agreement to Be Bound" that is

16   attached hereto as Exhibit A, as well as non-attorney employees of said Outside

17   Counsel of Record to whom it is reasonably necessary to disclose the information for

18   this litigation;

19      (d)     no more than three (3) House Counsel of the Receiving Party,

20   provided that such House Counsel is not involved in competitive decision-making, as

21   defined by *US. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on

22   behalf of a Party or a competitor of a Party, to whom disclosure is reasonably

23   necessary for this case, who are permitted by the Producing Party to have access to

24   such materials, and as well as their immediate paralegals and staff who have signed

25   the "Acknowledgement and Agreement to Be Bound" that is attached hereto as

26   Exhibit A,;

27      (e)     Experts (as defined in this Order) retained by the Receiving Party

28   to assist in this action, provided that disclosure is only to the extent reasonably

1    necessary to perform such work, and provided that (i) such Expert is not a current

2    officer, director, or employee of a Party or of a competitor of a Party, nor anticipated

3    at the time of retention to become an officer, director, or employee of a Party or of a

4    competitor to a Party; (ii) such Expert is not involved in competitive decision-

5    making, as defined by *US. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir.

6    1984) on behalf of a Party or a competitor of a Party; and (iii) such Expert has signed

7    the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8         Such Experts shall not be permitted to provide advice, analysis, or

9    recommendations to a competitor of the Designating Party that concern the matters at

10   issue in the above-entitled litigation, while the above-entitled litigation is pending,

11   absent consent of the Designating Party. Consent of the Designating Party shall not

12   be withheld absent compelling ground. Experts are hereby specifically advised that

13   their written work product which contains or discloses the substance of

14   "CONFIDENTIAL -ATTORNEYS' EYES ONLY" information is subject to all the

15   provisions of this Stipulated Protective Order. Outside Counsel of Record disclosing

16   "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY"

17   information to Experts shall be responsible for obtaining the executed undertakings in

18   advance of such disclosure and also shall retain the original executed copy of said

19   undertaking; and

20        (f)    any other person with the prior written consent of the Producing

21   Party.

22   8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
     OTHER LITIGATION OR GOVERNMENT INVESTIGATION
23

24        8.1    If a Party is served with a document request, investigatory demand for

25   documents, subpoena or a court order ("Document Demand") issued in other

26   litigation or government investigation that compels disclosure of any information or

27   items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL -

28   ATTORNEYS' EYES ONLY," that Party must:

14

1    (a)    within three (3) business days notify in writing the Designating

2  Party;

3    (b)    promptly notify in writing the party who caused the Document

4  Demand to issue in the other litigation that some or all of the material covered by the

5  Document Demand is subject to this Stipulated Protective Order. Such notification

6  shall include a copy of this Stipulated Protective Order; and

7    (c)    cooperate with respect to all reasonable procedures sought to be

8  pursued by the Designating Party whose Protected Material may be affected. If the

9  Designating Party timely seeks a protective order, the Party served with the

10  Document Demand shall not produce any information designated in this action as

11  "CONFIDENTIAL" or "CONFIDENTIAL -ATTORNEYS' EYES ONLY" before a

12  determination by the court from which the subpoena or order issued, unless the Party

13  has obtained the Designating Party's permission. The Designating Party shall bear the

14  burden and expense of seeking protection in that court of its Protected Material.

15    (d)    Nothing in these provisions should be construed as authorizing or

16  requiring a Receiving Party in this action to disobey a lawful order of any court.

17  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
       PRODUCED IN THIS LITIGATION
18

19    9.1    The terms of this Stipulated Protective Order are applicable to

20  information produced by a Non-Party in this action and designated as

21  "CONFIDENTIAL" or "CONFIDENTIAL -ATTORNEYS' EYES ONLY." Such

22  information produced by Non-Parties in connection with this litigation is protected by

23  the remedies and relief provided by this Stipulated Protective Order. Nothing in these

24  provisions should be construed as prohibiting a Non-Party from seeking additional

25  protections.

26    9.2    In the event that a Party is required, by a valid discovery request, to

27  produce a Non-Party's confidential information in its possession or control, and the

28

STIPULATED [PROPOSED] PROTECTIVE ORDER

1    Party is subject to an agreement with the Non-Party not to produce the Non-Party's

2    confidential information, then the Party shall:

3             (a)     notify in writing the Requesting Party and the Non-Party that

4    some or all of the information requested is subject to a confidentiality agreement with

5    a Nonparty;

6             (b)     provide the Non-Party with a copy of the Stipulated Protective

7    Order in this litigation, and the relevant discovery request(s).

8       9.3     If the Non-Party fails to seek a protective order from this court within

9    ten (10) days of receiving the notice and accompanying information, the Receiving

10    Party may produce the Non-Party's confidential information responsive to the

11    discovery request. If the Non-Party timely seeks a protective order, the Receiving

12    Party shall not produce any information in its possession or control that is subject to

13    the confidentiality agreement with the Non-Party before a determination by the

14    court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and

15    expense of seeking protection in this court of its Protected Material.

16    10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

17       10.1    If a Receiving Party learns that, by inadvertence or otherwise, it has

18    disclosed Protected Material to any person or in any circumstance not authorized

19    under this Stipulated Protective Order, the Receiving Party must immediately (a)

20    notify in writing the Designating Party of the unauthorized disclosures; (b) use its

21    best efforts to retrieve all unauthorized copies of the Protected Material; ( c) inform

22    the person or persons to whom unauthorized disclosures were made of all the terms

23    of this Stipulated Protective Order; and ( d) request such person or persons to execute

24    the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

25    Exhibit A.

26

27

28

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality.

STIPULATED [PROPOSED] PROTECTIVE ORDER

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
PROTECTED MATERIAL

11.1   If information subject to a claim of attorney-client privilege, work product protection or other privilege or protection is inadvertently produced, such production shall not constitute automatic waiver of such privilege or protection pursuant to Federal Rules of Evidence 502. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the Receiving Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B), provided that such materials shall be returned by the Receiving Party within five (5) business days of any written request for the return of such materials.  If the Receiving Party seeks to challenge the privileged or otherwise protected nature of the materials, the receiving party must still return the materials to the Producing Party, but may then file a motion to seek re-production of the materials and the Producing Party shall make the materials at issue available to the court for in camera inspection if so ordered.

12.    MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

12.4  <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Stipulated Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter. The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Stipulated Protective Order.

12.5  <u>Successors</u>. This Stipulated Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

12.6  <u>Burdens of Proof</u>. Notwithstanding anything to the contrary above, nothing in this Stipulated Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

12.7  <u>Modification by Court</u>. This Stipulated Protective Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Stipulated Protective Order sua sponte in the interests of justice. The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Stipulated Protective Order. All disputes concerning Protected Material, however designated, produced under the protection of this Stipulated Protective Order shall be resolved by the United States District Court for the Central District of California.

12.8  <u>Discovery Rules Remain Unchanged</u>. Identification of any individual pursuant to this Stipulated Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, or the Court's own orders.

13.   <u>FINAL DISPOSITION.</u>

    13.1   Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, the Parties are not required to delete information that may reside on their respective electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4.

    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

/ / /

/ / /

/ / /

Dated: January 15, 2015          DUANE MORRIS LLP


                                 By:  /s/ Audra L. Thompson

                                 Attorneys for Plaintiff SIGNATURE MD, Inc.

Dated: January 15, 2015          HOLLAND & KNIGHT LLP


                                 By:  /s/ Richard T. Williams

                                 Attorneys for Defendant MDVIP INC.

20

**PROOF OF SERVICE**

State of California    )
                          )   ss.
County of Los Angeles  )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 South Hope Street, 8th Floor, Los Angeles, California 90071.

On **January 15, 2015,** I served the document described as **STIPULATED [PROPOSED] PROTECTIVE ORDER** on the interested parties in this action:

Wayne A. Mack
C. Mitchell Goldman               Attorneys for Plaintiff Signature
DUANE MORRIS LLP            MD, Inc.
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1152
wamack@duanemorris.com
emcgoldman@duanemorris.com

Cyndie M. Chang
Audra L. Thompson
DUANE MORRIS LLP
865 S. Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
(213) 689-7400
cmchang@duanemorris.com
athompson@duanemorris.com

**[x] By Electronic Transfer to the CM/ECF System**

      In accordance with Federal Rules of Civil Procedure 5(d) (3), Local Rule 5-4, and General Order 07-08, I uploaded via electronic transfer a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above-listed documents to the United States District Court Central District of California' Case Management and Electronic Case Filing (CM/ECF) system on this date. It is my understanding that by transmitting these documents to the CM/ECF system, they will be served on all parties of record according to the preferences chosen by those parties within the CM/ECF system. The transmission was reported as complete and without error.

      I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on **January 15, 2015,** at Los Angeles, California.

_____
Ericka Mendez

1
PROOF OF SERVICE