HOLLAND & KNIGHT LLP
Richard T. Williams, SBN 052896
Email: richard.williams@hklaw.com
Janet Chung, SBN 272328
Email: janet.chung@hklaw.com
400 S. Hope Street, 8th Floor
Los Angeles, CA 90071-2040
Telephone (213) 896-2400
Facsimile (213) 896-2450

HOLLAND & KNIGHT LLP
Jerome W. Hoffman (pro hac vice)
Email: jerome.hoffman@hklaw.com
315 South Calhoun Street, Suite 600
Tallahassee, FL 32301
Telephone (850) 224-7000
Facsimile (850) 224-8832

Attorneys for Defendant
MDVIP, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGNATURE MD, INC., | Case No.: 2:14-cv-5453-DMG-SS |
| Plaintiff, | Assigned to Hon. Dolly M. Gee |
| v. | **DEFENDANT MDVIP, INC.'S NOTICE OF MOTION AND MOTION FOR CLARIFICATION OR IN THE ALTERNATIVE, RECONSIDERATION OF ORDER** |
| MDVIP, INC. | |
| Defendant. | [Proposed Order filed concurrently herewith] |
| | Date: Friday, June 26, 2015
Time: 9:30 a.m.
Dept.: Courtroom 7 |

MDVIP'S NOTICE OF MOTION AND MOTION FOR CLARIFICATION OR IN THE ALTERNATIVE, RECONSIDERATION OF ORDER

TO THIS COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Friday, June 26, 2015, at 9:30 A.M. in Courtroom 7 of the above-captioned court, located at the United States Courthouse, 312 North Spring Street, Los Angeles, CA 90012, or as soon thereafter as the parties may be heard, Defendant MDVIP, Inc. ("MDVIP") will, and hereby does, move this Court for an Order for Clarification, or in the Alternative, Reconsideration of the April 21, 2015 Order denying MDVIP's Motion to Dismiss the FAC. This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on April 30, 2015.

This motion is respectfully made upon the ground that the Order, ruling upon a pleading motion under FRCP Rule 12(b)(6), at several points may seem to be making determinations not suitable before there have been presentations of sworn testimony and evidence, such as is made in connection with motions for summary judgment. MDVIP requests confirmation through this motion that the Court was not making factual determinations in its Order, but only ruling upon the adequacy of the wording of allegations in Plaintiff's Amended Complaint to set forth claims for potential relief.

MDVIP's motion is based on this Notice, the attached Memorandum of Points and Authorities, and on such additional papers and arguments as may be presented at or before the hearing of this matter.

Dated: May 11, 2015

**HOLLAND & KNIGHT LLP**

By: __/s/ Richard T. Williams___
Richard T. Williams
Jerome W. Hoffman
Janet Chung
Attorneys for MDVIP, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION:

Defendant MDVIP, Inc. ("MDVIP"), by and through their undersigned counsel, respectfully moves the Court to clarify or in the alternative, reconsider, its April 21, 2015 Order ("Order")(Docket No. 65) denying MDVIP's Motion to Dismiss Plaintiff Signature MD's ("SMD") First Amended Complaint ("FAC").

MDVIP specifically seeks clarification on certain aspects of the Court's ruling in which it appears that the Court, by and through its Order, has made significant factual determinations concerning SMD's claims when the case is in the nascent pleadings stage of litigation, discovery has only recently commenced, and MDVIP has had no opportunity to present admissible evidence before the Court or contest SMD's allegations. Therefore, MDVIP requests that the Court amend certain statements made in its Order for clarification so as to avoid any possible misinterpretation of the Court's findings by the Parties. Moreover, to the extent these factual determinations were intentional, MDVIP respectfully asks the Court to reconsider these findings in the interest of justice.

## II.     STANDARD OF REVIEW:

MDVIP brings this motion for clarification or reconsideration pursuant to Rule 60(a) of the Federal Rules of Civil Procedure and Central District Local Rule 7-18(c). Pursuant to Rule 60(a) of the Federal Rule of Civil Procedure, a party may move the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Local Rule 7-18 (c) also permits a party to bring a motion for the reconsideration of a nonfinal order "on the grounds of . . . a manifest showing of a failure to consider material facts presented to the Court before such decision." C. D. Local R. 7-18(c).

### III. ARGUMENT:

MDVIP respectfully seeks revision of three specific sections of the Order pertaining to the discussion and ruling of SMD's Sherman Act claim. Specifically, MDVIP seeks clarification on the rulings made in section C, subsection (1) "Anticompetitive Conduct," concerning the anticompetitive conduct allegations of the Sherman Act claim; subsection (2) "Monopoly Power," concerning the monopoly allegations of the Sherman Act claim; and subsection (3) "Standing," concerning SMD's standing to bring its antitrust claims, in which, based on MDVIP's reading and understanding of the Order, the Court appears to make definitive findings on key issues underlying SMD's antitrust claims.

To the extent these statements were meant to explain the basis of the Court's findings on the sufficiency of SMD's FAC allegations, and were not intended to more broadly to constitute the Court's rulings on substantive legal issues underlying the antitrust claims, MDVIP requests that the Court amend the Order to clarify this pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. In the alternative, if these determinations were intended to be definitive on these key issues, MDVIP asks that this Court reconsider its findings pursuant to Local Rule 7-18 to correct these manifest errors of law. These issues are not ripe for determination at this early pleading stage of the case. MDVIP did not have an opportunity to present a factual record to the Court before this Order was issued, or the opportunity to contest the allegations set forth by SMD in the FAC before these issues were decided.

### A. Anti-Competitive Conduct

The Court, in its discussion of MDVIP's purported anti-competitive conduct in section C, subsection (1) "Anticompetitive Conduct," finds MDVIP liable for engaging in bad faith anti-competitive conduct based solely on SMD's allegations. In pertinent part, page 10 of the Order states:

3
MDVIP'S NOTICE OF MOTION AND MOTION FOR CLARIFICATION OR IN THE ALTERNATIVE, RECONSIDERATION OF ORDER

The bad faith prosecution of an objectively baseless claim may constitute an anti-trust violation. [citations omitted] A claim is objectively baseless when no reasonable litigant could realistically expect success on the merits. [citations omitted] Here, the alleged legal threats came after the expiration of the contracts, and therefore appear to have no objective merit. Further, as discussed below, the enforcement of these non-compete clauses is also objectively baseless, at least as to their enforcement in California, as California law expressly voids such contracts.

Here, the Court erred in prematurely finding that MDVIP engaged in bad faith by prosecuting objectively baseless claims when there were absolutely no facts presented before the Court to support this determination. In making this determination, the Court relied entirely on unsubstantiated representations made by SMD in its FAC to establish that MDVIP in fact made legal threats after MDVIP's contracts expired, which alone supported the Court's finding that these legal actions had "no objective merit;" that MDVIP's contracts contained non-compete clauses; and that MDVIP attempted to enforce such non-compete provisions in California in the absence of any facts in evidence.

The fact that a contract has expired does not make a claim for damages that accrues during the term of the contract baseless. As such, the mere allegation that the purported sham litigation claims involved expired contracts is insufficient to support a determination that these expired contracts are objectively meritless or that accordingly, any litigation based on these contracts is objectively baseless. Moreover, because SMD has failed to make any allegation that MDVIP ever enforced or even threatened to enforce any non-compete provision specifically in California, any such finding, including the determination that SMD has adequately

4

MDVIP'S NOTICE OF MOTION AND MOTION FOR CLARIFICATION OR IN THE ALTERNATIVE, RECONSIDERATION OF ORDER

alleged anticompetitive conduct in California, at this stage of litigation is misguided.

### B. Monopoly Power

The Court also finds that MDVIP conceded to the accuracy of the concierge market share percentages offered by SMD in its FAC on the grounds that MDVIP did not object to the veracity of these figures in its Motion to Dismiss and related pleadings. Page 11 of the Order states, "[a]s mentioned above, it is *uncontested* the [SIC] MDVIP owns approximately 71% of the concierge market with exclusive physician contracts, and 86% of the overall patients enrolled in concierge medicine." (emphasis added). The Court erred in concluding that MDVIP's failure to object to the alleged market percentages constitutes an admission that SMD's offered calculations are accurate and further, that they were sufficient to establish that MDVIP had the requisite market power to support SMD's monopoly allegations. To the contrary, MDVIP intends to vigorously contest these percentages, which appear to be wholly unsubstantiated by SMD.

A motion to dismiss challenges the sufficiency of the complaint to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, the court may consider th[ose] facts alleged in the complaint, documents attached to the complaint, and matters of which the Court takes judicial notice. *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). Thus, because a motion to dismiss is not the proper vehicle to challenge the validity of the allegations in the complaint, that MDVIP did not contest SMD's purported market figures is not and should not be held by this Court as an admission of MDVIP's purported monopoly power or further as evidence sufficient to establish a finding that MDVIP has the necessary market power to support SMD's antitrust claims and withstand a motion to dismiss.

By relying exclusively on SMD's representations of MDVIP"s purported market share to find that SMD's allegations are sufficient to "plausibly

5
MDVIP'S NOTICE OF MOTION AND MOTION FOR CLARIFICATION OR IN THE ALTERNATIVE, RECONSIDERATION OF ORDER

demonstrate monopoly power, or at least the 'dangerous probability of achieving monopoly power,'" the Court has erred. To withstand a motion to dismiss, SMD must adequately allege that MDVIP had market power (which, it attempted to do by the referenced and unsupported percentages) but also define a plausible, not simply possible, relevant geographic and product markets supported by factual allegations in its complaint. *See Sidibe v. Health*, 2014 WL 2859206 *10 (N.D. Cal. 2014); Order, p. 11.

In *Sidibe,* a California District Court determined that plaintiffs failed to plausibly define the relevant geographic markets for purposes of supporting their antitrust claims. *Id.* While the *Sidibe* plaintiffs alleged 14 locations as the relevant antitrust geographic markets in the complaint, the court held that these allegations were insufficient to define the requisite *plausible* geographic market. *Id.* Specifically, the court held that "[p]laintiffs must identify the relevant markets and support their allegations with some factual allegations to render them *plausible*. They have not done so." *Id*. (emphasis added)  Among others, the court held that the plaintiffs failed to allege reasonable substitutes within the markets; failed to explain the basis for defining the purported geographic boundaries; and failed to cite to an example where similar geographic boundaries were used in an antitrust case in the complaint. *Id.* at 11.

Here, Plaintiff's allegations of MDVIP's purported market share in the seventeen geographic regions as described on page 11 of the Order fail to meet the requisite standard of alleging a *plausible* geographic market for antitrust purposes. As *Sidibe* suggests, mere allegations of relevant geographic markets without more detailed factual allegations to render the markets plausible are insufficient to support antitrust claims.

### C.  Standing

The Court was also mistaken in determining that SMD has standing based on SMD's conclusory allegations of anti-trust harm because SMD did not allege

6
MDVIP'S NOTICE OF MOTION AND MOTION FOR CLARIFICATION OR IN THE ALTERNATIVE, RECONSIDERATION OF ORDER

enough facts to support a finding of standing. Factual allegations alleged in the complaint must be definite enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. at 675 (2009). Consequently, as this Court noted in its Order, "[l]egal conclusions . . . are not entitled to the assumption of truth." (Order, p. 5)(citing *Icqbal*, 556 U.S. at 678 (2009)).

First, based on the allegations stated in paragraph 133 of the FAC, the Court held that "Signature MD has specifically alleged that MDVIP's intentional anticompetitive actions have increased patient prices and reduced the availability of alternative provider, and interfered with the patient-physician-relationship. (FAC ¶ 133.)" (Order, p. 11.) But based on MDVIP's reading of paragraph 133 of the FAC, SMD has simply alleged a boilerplate legal conclusion without providing any factual support. The FAC states that "[a]s a direct, foreseeable and proximate result of MDVIP's anticompetitive and monopolistic conduct, competition, consumers and patients in the relevant markets have been harmed, by among other things, increased prices, the reduced output and availability of alternative providers of the relevant products and loss of and interference with their relationship with their physician." (FAC ¶ 133.) Accordingly, because SMD has merely alleged a legal conclusion, this allegation must be disregarded.

Second, the Court further erred in finding that the allegations that the "non-compete clauses in the majority of MDVIP's contracts" were sufficient and "adequate to establish Signature MD's standing to bring Sherman claims" because SMD "has not been able to enter large, affluent, urban areas like Atlanta, Birmingham, Houston, and Las Vegas. (FAC ¶¶ 103-104)." (Order, pp. 11-12.) However, as MDVIP detailed in its Motion to Dismiss, non-compete provisions are not *per se* illegal or anti-competitive, and are indeed enforceable in many states. As such, these allegations are insufficient to support a finding of anti-competitive

injury. Paragraphs 103 and 104 of the FAC, as with many of SMD's other allegations, merely state legal conclusions with no supporting factual allegations that MDVIP's anticompetitive conduct has barred entry in various markets. These conclusory allegations are insufficient to support the Court's finding that SMD has anti-trust standing.

## IV. CONCLUSION

Based on all the foregoing reasons, and in the interest of fairness and justice, MDVIP respectfully requests that this Court clarify its April 21, 2015 Order and expressly specify that its comments made in section C, subsection (1) "Anticompetitive Conduct," concerning the anticompetitive conduct allegations of the Sherman Act claim; subsection (2) "Monopoly Power," concerning the monopoly allegations of the Sherman Act claim; and subsection (3) "Standing," concerning SMD's standing to bring its antitrust claims of the April 21, 2015 Order are *not* factual determinations of the issues in this case or an indication of the Court's predisposition of its future rulings on these claims.

To the extent this Court intended the rulings addressed in this Motion to constitute determinations on key issues in the case, MDVIP respectfully asks that the Court reconsider its Order and reverse such findings to avoid manifest error, and grant such other and further relief as this Court deems appropriate.

Dated: May 11, 2015 **HOLLAND & KNIGHT LLP**

By: /s/ Richard T. Williams
Richard T. Williams
Jerome W. Hoffman
Janet Chung
Attorneys for Defendant MDVIP, Inc.

8
MDVIP'S NOTICE OF MOTION AND MOTION FOR CLARIFICATION OR IN THE ALTERNATIVE, RECONSIDERATION OF ORDER

# PROOF OF SERVICE

State of California        )
                           )  ss.
County of Los Angeles      )

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 South Hope Street, 8th Floor, Los Angeles, California 90071.

On **May 11, 2015,** I served the document described as **DEFENDANT MDVIP, INC.'S NOTICE OF MOTION AND MOTION FOR CLARIFICATION OR IN THE ALTERNATIVE, RECONSIDERATION OF ORDER** on the interested parties in this action:

| | |
|---|---|
| Maxwell M. Blecher | Attorneys for Plaintiff |
| Donald R. Pepperman | Signature MD, Inc. |
| Courtney A. Palko | |
| BLECHER COLLINS PEPPERMAN & JOYCE P.C. | |
| 515 South Figueroa Street, Suite 1750 | |
| Los Angeles, California 90071-3334 | |
| Tel: (213) 622-4222 | |
| Fax: (213) 622-1656 | |
| Email: mblecher@blechercollins.com | |
|        dpepperman@blechercollins.com | |
|        cpalko@blechercollins.com | |

**[x] By Electronic Transfer to the CM/ECF System**

    In accordance with Federal Rules of Civil Procedure 5(d) (3), Local Rule 5-4, and General Order 07-08, I uploaded via electronic transfer a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above-listed documents to the United States District Court Central District of California' Case Management and Electronic Case Filing (CM/ECF) system on this date. It is my understanding that by transmitting these documents to the CM/ECF system, they will be served on all parties of record according to the preferences chosen by those parties within the CM/ECF system. The transmission was reported as complete and without error.

    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on **May 11, 2015,** at Los Angeles, California.

_____
Ericka Mendez

35353448_v5

1

PROOF OF SERVICE